IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

DAVID T. BAILEY,

    Appellant,

v.

MOUNTAIRE FARMS and
UNEMPLOYMENT INSURANCE
APPEAL BOARD,

    Appellee.

:
:
:
:
:
:
:
:
:
:
:
:
:
:

C.A. No. S19A-03-002 RFS

## MEMORANDUM OPINION

*On Appeal from a Decision of the Unemployment Insurance Appeal Board.*

*Affirmed.*

Submitted: 8/1/2019
Decided: 9/13/2019

David T. Bailey, 703 Woodland Mills Drive, Seaford, Delaware 19973, Pro Se Appellant.

Barry M. Willoughby, Esq., and Lauren E.M. Russell, Esq., Rodney Square, 1000 North King Street, Wilmington DE 19901, Attorneys for Appellee, Mountaire Farms.

Daniel C. Mulveny, Esq., and Victoria W. Counihan, Esq., Department of Justice, Carvel State Building, 220 North French Street, Wilmington, Delaware 19801, Attorneys for Appellee, Unemployment Insurance Appeal Board.

STOKES, R.J.

FILED PROTHONOTARY
SUSSEX COUNTY
2019 SEP 13 A 9: 20

1

# I. INTRODUCTION

David Bailey ("Appellant") has appealed the decision of the Unemployment Insurance Appeals Board ("UIAB" or "Board") to deny Appellant's claim for unemployment benefits. The Board found that Appellant voluntarily terminated his employment with Mountaire Farms of DE Inc. ("Employer") without good cause and is accordingly disqualified from receiving unemployment benefits. For the reasons stated herein, the Board's decision is **AFFIRMED**.

## II. FACTUAL AND PROCEDURAL HISTORY

Appellant voluntarily quit his employment with Employer on November 2, 2018. Appellant had undergone hip replacement surgery on June 22, 2018 and was in need of another hip replacement. Upon returning to work, Appellant received medical restrictions from his doctor. These medical restrictions allowed Appellant to perform sedentary work.[1] Appellant notified Employer's Human Resources department of the medical restrictions. Employer accommodated Appellant by moving him to another position as a Materials Clerk. Appellant requested a housekeeping job but this was the only position available for him.

Appellant attempted to work in the new position but was unable to continue due to his medical limitations. Appellant notified his supervisor that he was unable to continue working and went back to Employer's Human Resources department and resigned. Employer told Appellant that they did not want to lose him. Appellant signed a document stating that he was leaving on good terms so he could be rehired by Employer.

On November 18, 2018, Appellant applied for unemployment compensation benefits. The Claims Deputy determined that Appellant was disqualified from receiving benefits because he voluntarily terminated his employment without good cause attributable to his employment.

---

[1] Sedentary work provided that Appellant lift a maximum of ten pounds, occasional lifting and carrying of small objects, and occasional walking and standing. R. at 11.

Appellant appealed to the Appeals Referee who affirmed the Claims Deputy's decision finding that Appellant failed to provide sufficient evidence that there was good cause to leave his employment. Appellant appealed the Referee's decision to the Board. The Board affirmed the Referee's decision finding that Appellant voluntarily left his employment without good cause attributable to his work and is therefore disqualified from receiving unemployment benefits. Appellant now appeals the Board's decision to this Court.

## III. STANDARD OF REVIEW

When reviewing the decisions of the Board, this Court must determine whether the Board's findings and conclusions of law are free from legal error and are supported by substantial evidence in the record.[2] Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.[3] The Court's review is limited: "[i]t is not the appellate court's role to weigh evidence, determine credibility questions or make its own factual findings, but merely to decide if the evidence is legally adequate to support the agency's factual findings."[4]

## IV. DISCUSSION

Appellant contends that he did not voluntarily quit his job without good cause, and thus is entitled to unemployment benefits. Pursuant to 19 *Del. C.* §3314(1), an individual cannot qualify for unemployment benefits where that individual leaves work "voluntarily without good cause attributable to such work...."[5] The Supreme Court of Delaware established that "good cause is established where: (i) an employee voluntarily leaves employment for reasons attributable to issues within the employer's control and under circumstances in which no reasonably prudent

---

[2] *Unemployment Ins. Appeal Bd. v. Martin*, 431 A. 2d 1265 (Del. 1981).
[3] *Gorrell v. Division of Vocational Rehab.*, 1996 WL 453356 at *2 (Del. Super. Ct. 1996).
[4] *McManus v. Christiana Serv. Co.*, 1997 WL 127953, at *1 (Del. Super. Ct. 1997).
[5] 19 *Del. C.* §3314(1).

employee would have remained employed; and (ii) the employee first exhausts all reasonable alternatives to resolve the issues before voluntarily terminating his or her employment."[6] There is no dispute as to whether Appellant voluntarily left his employment. The issue this Court must address is whether the Board's conclusion that Appellant left his employment without good cause in connection with his job is supported by the evidence.

An individual does not have good cause to leave their employment because they are in an undesirable situation.[7] The court has held that when determining good cause, it should be "determined by a reasonably prudent person under similar circumstances. An employee does not have good cause to quit merely because there is an undesirable or unsafe situation connected with the employment."[8]

Appellant resigned because his medical limitations made it difficult to continue work. Appellant has not shown that he was medically restricted from the duties his new job entailed.[9] Appellant has not shown that his new job duties were unreasonable to justify good cause. Furthermore, Appellant did not have a doctor's order to stop working in the new job to where Employer moved him. The Board, based on the evidence, correctly determined that Appellant has not shown that the conditions of the job were unreasonable, finding that Appellant has only shown that he was uncomfortable in his job. This is insufficient to establish good cause.

---

[6] *Thompson v. Christiana Care Health Sys.*, 25 A.3d 778, 783 (Del. 2011).

[7] *Ament v. Rosenbluth Int'l*, 2000 WL 1610770, at *2 (Del. Super. Ct. Aug. 31, 2000) (holding that an employee "did not have good cause to leave her employment simply because she was in an undesirable situation. Good cause exists when [an employee's] ability to earn a living is jeopardized....").

[8] *Id.* at *2 ("good cause exists (1) when an employer fails to pay wages; (2) when a decrease in claimant's wages renders claimant unable to earn a living; and (3) when claimant discussed decrease in wages with employer prior to quitting.")

[9] R. at 11 (Appellant's Doctor's Certificate stating Appellant could return to work and perform sedentary duty).

The Board further determined that Appellant failed to exhaust his administrative remedies with Employer. In order to exhaust all reasonable alternatives, an employee must "bring the problem to the attention of someone with the authority to make the necessary adjustments, describe the problem in sufficient detail to allow for resolution, and give the employer enough time to correct the problem."[10]

The record reflects that Appellant was accommodated by Employer previously and that Employer advised Appellant that they "did not want to lose him."[11] Appellant did not allow Employer enough time to address the medical limitations a second time before resigning from his employment, nor did he inform Employer that should his medical limitations not be accommodated he would resign. Furthermore, Appellant did not obtain medical documentation to justify quitting due to his medical limitations. The Board correctly determined that Appellant failed to exhaust his administrative remedies.

The Board's decision that Appellant left his employment without good cause is supported by substantial evidence. Appellant informed his employer of his medical restrictions. Employer accommodated Appellant by moving him to a different position with lighter duties. After trying the new position and still feeling uncomfortable, Appellant resigned. Based on the evidence, the Board concluded that Appellant has only shown that he was uncomfortable in his position which is insufficient to establish good cause to justify voluntarily terminating employment. This Court agrees.

---

[10] *Thompson*, 25 A.3d at 784-85.
[11] R. at 63.

## V. CONCLUSION

Considering the foregoing, the Board's decision is **AFFIRMED**. Appellant has failed to show that he voluntarily terminated his employment with good cause attributable to his work and is therefore disqualified from receiving unemployment benefits.

**IT IS SO ORDERED.**